STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Paul L. and      }
Catherine Handy              }
                                 }   Docket No. 96-6-01 Vtec
                                 }
                                 }

## Memorandum of Decision

Appellants Paul L. and Catherine Handy appealed a decision of the Zoning Board of Adjustment (ZBA) of the Town of Shelburne, issued after remand of the application to the ZBA after decision by the Vermont Supreme Court in In re Handy and In re Jolley Associates, 171 Vt. 336 (2000). Appellant-Applicants are represented by Douglas K. Riley, Esq.; the Town of Shelburne is represented by Joseph S. McLean, Esq. When the term AAppellant@ is used in the singular it refers to Appellant Paul Handy.

By agreement of the parties, the merits of this matter were bifurcated. After the Court heard evidence and ruled that the application was Avalidly brought and pursued in good faith@ under the 1995 ordinance, a site visit was held on March 25, 2002 and an evidentiary hearing was held on the merits of the application on March 26, 2002, beginning with evidence on the variance application. The Court ruled on the record at the conclusion of that hearing, on the Town=s motion for judgment on whether Appellants had qualified for a variance, and denied the variance application; Appellants have requested that the ruling be issued in writing.

The property is a large corner lot on Route 7, on which is located an existing residence, now proposed to remain as a residence, and an existing 6,150-square-foot commercial building. Appellant-Applicants propose to demolish the front portion of the commercial building and to install gasoline pumps and a canopy in more-or-less the footprint of the existing building, extended to square of some existing curves. The gasoline service and canopy would extend into the setbacks. Appellant-Applicants applied for variances and a conditional use permit.

First, the Court ruled on whether the project requires a variance. The project needs a variance for three reasons, independent of each other and independent of the conditional use requirements of ' 1620.2, which may also apply to the proposed construction.

First the project requires a variance because a new use, not formerly occupying the setback, is proposed to be placed within the setback, that is, the gasoline service and its associated canopy. The proposal cannot be considered as an existing building in which different uses may change within the building. Rather, this proposal is for the removal of the building and the construction of new uses and a new structure, even if it is almost entirely within the building= s original footprint. The new use proposed to be placed within the setback requires a variance.

The second reason that the project needs a variance is because the proposal will encroach farther into the setback area, both as to height and the volume encroached upon within the setback area. That may be seen from Exhibit Q. The fact that some of the volume occupied between the footprint and the roof of the canopy does not consist of building materials does not relieve the project of the need for a variance to allow it to encroach more extensively into the setback than does the existing building.

The third reason that the project needs a variance is due to the particular way in which the setback from Route 7 is calculated under the Shelburne zoning regulations as a function of lot

coverage. Although the building footprint is not increased, the percentage of the lot covered by paved area will increase. This proposal of the project to increase the lot coverage results in the movement of the setback to be farther from Route 7. This means that the portion of the project that will occupy the increased setback area would not have violated the setback as it had existed with the preexisting footprint.

Turning to the Town= s motion for judgment on the question of the variance: it is difficult to obtain a variance because all five of the variance criteria must be met. 24 V.S.A ' 4468. This proposal fails to meet criteria one and two of the variance criteria, therefore the variance must be denied, even if it were to meet the remaining criteria.

First, there are no unique physical circumstances or conditions peculiar to this property. While it does not have to be an entirely unique circumstance, it does have to be a physical condition due to the property itself, such as a ravine or steep slope, or a very narrow lot or a triangular shaped lot without a sufficiently buildable area when all the setbacks are applied. It is not enough for the claimed hardship to be due to the requirements of the zoning regulations setting the particular setbacks from the two streets on which this property has frontage, or the mere fact that it is a corner lot with two applicable setbacks.

In addition, the second of the variance criteria is not met. The Appellant-Applicants are already making a reasonable use of the property in that there are two existing uses functioning on the property: a residential use of the house, and a retail and perhaps also a food-service use of the commercial building. It is probable that under Vermont= s variance jurisprudence that even the residential use on the property would be considered a reasonable use of the property. But the property is already developed with two buildings and two or three reasonable uses.

Most importantly, the property could be developed in strict conformance with the 1995 zoning regulations, including the addition of gasoline service to the property, without the need for a variance. This could be accomplished by locating the new gasoline service at the rear (south and east) of the building, outside both setback areas. Because of the fact that it could be developed in that fashion, even though such a plan may pose more site-specific challenges than the proposal in the application before the Court, the variance must be denied.

In addition, although the parties had been treating the zoning district line that divides the property as if it were a limiting factor to the east, the Applicant has the opportunity under ' 210.6 to ask the ZBA to extend the regulations applicable in either zoning district up to 50 feet into the other district. Appellant has not shown that the property could not be developed > in strict conformance with the bylaws,= using that section.

Based on the foregoing, it was ordered on the record that Appellant=s application for a variance was denied.

Thereafter, the Court denied the Town=s motion for judgment at the close of the Applicants= case on the conditional use application, and the parties were given the opportunity to determine whether they wanted to proceed with the Town=s evidence on the conditional use criteria. They declined to proceed, concluding the appeal.

Dated at Barre, Vermont, this 6th day of May, 2002.

_____
Merideth Wright
Environmental Judge